UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. _3:20-cv-864-RGJ_____

*ELECTRONICALLY FILED*

RENAISSANCE/THE PARK, LLC d/b/a
RENAISSANCE FUN PARK                                                            PLAINTIFF

V.                                          **NOTICE OF REMOVAL**

THE CINCINNATI INSURANCE COMPANY                                    DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant, The Cincinnati Insurance Company ("Cincinnati"), by counsel, submits this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a) for the purpose of removing the above-entitled action from the Jefferson County (Kentucky) Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, and states as follows in support of this removal.

**Entitlement to Removal**

On or about December 21, 2020, through the acceptance of the undersigned counsel (*see* attached Exhibit A evidencing acceptance of service and agreement of counsel to extend deadline for responsive pleadings to January 15, 2021), Cincinnati was served with copies of a Summons and Complaint in an action filed by Plaintiff, Renaissance/The Park, LLC d/b/a Renaissance Fun Park ("Plaintiff"), entitled *Renaissance/The Park, LLC d/b/a Renaissance Fun Park v. The Cincinnati Insurance Company*, Civil Action Number 20-CI-006955, filed in the Jefferson County (Kentucky) Circuit Court (the "Complaint"). To Cincinnati's knowledge, no further proceedings have occurred in this action. This Notice of Removal is filed within thirty days after Cincinnati received service of the Complaint, as required by 28 U.S.C. § 1446(b).

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Cincinnati pursuant to the provisions of

1

28 U.S.C. § 1441, in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

As alleged in the Complaint, Plaintiff "is a Kentucky LLC with its principal place of business at 101 North 7th Street, Louisville, Kentucky 40202." (*See* Complaint at ¶5.) Kentucky professional limited liability companies are governed by the laws applicable to other limited liability companies. Ky. Rev. Stat. Ann. § 275.010(3). For purposes of evaluating diversity jurisdiction, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). According to the publicly available information on the Kentucky Secretary of State website and on information and belief, Plaintiff has one member/manger – DKCD, Inc., a Kentucky corporation with its principal place of business in Kentucky. Thus, on information and belief, Plaintiff is a citizen of the Commonwealth of Kentucky.

Cincinnati is now, and at all times referred to in the Complaint, a citizen of the State of Ohio with its principal place of business in the State of Ohio. Therefore, the parties satisfy the requirements for diversity of citizenship under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requirement is met. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold". *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011).

Here, prior to filing its Complaint, including in response to Cincinnati's request for information, Plaintiff contended that its business was greatly affected by the Coronavirus pandemic and related governmental restrictions and provided specific information about its alleged losses. The Complaint alleges that the Policy provides up to $1,000,000 in coverage and Plaintiff

2

alleges entitlement to coverage under the Policy. Based upon the information provided by Plaintiff and allegations in its subsequently filed Complaint, Cincinnati is informed and believes and based thereon alleges that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the Western District of Kentucky is the federal judicial district embracing Jefferson County, the county in which the state action was filed.

### Process and Pleadings

A copy of all process, pleadings, and orders served on Cincinnati in the state court action is attached to this Notice of Removal as Exhibit B, as required by 28 U.S.C. § 1446(a).  In addition, the required Civil Cover Sheet is attached hereto as Exhibit C.

### Filing Notice of Removal in Jefferson Circuit Court

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly given to all adverse parties and shall be filed with the Clerk of the Jefferson Circuit Court.

WHEREFORE, Cincinnati respectfully requests that this action be removed to and proceed hereafter in this Court, and that no further proceedings be had in the Jefferson County Circuit Court.

This the 30th day of December, 2020.

> KERRICK BACHERT PSC
> 1025 State Street
> Bowling Green, KY 42101
> Phone:  (270) 782-8160
> Email:  tkerrick@kerricklaw.com
> Email:  mcook@kerricklaw.com
>
> */s/ Matthew P. Cook*
> Thomas N. Kerrick
> Matthew P. Cook
> *Counsel for Defendant, The Cincinnati Insurance Company*

## CERTIFICATE OF SERVICE

This will certify that this pleading was electronically filed using the Court's ECF filing system on this the 30th day of December, 2020 and that a true and correct copy of same was forwarded by email and by U.S. Mail on this date to the following:

John D. Cox
Stefan E. Staloff
Lynch, Cox, Gilman & Goodman, P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
jcox@lynchcox.com
sstaloff@lynchcox.com

/s/ Matthew P. Cook
Thomas N. Kerrick
Matthew P. Cook
*Counsel for Defendant, The Cincinnati Insurance Company*