# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: May 20, 2022

Mr. Alan I. Becker
Mr. Daniel G. Litchfield
Mr. Laurence James William Tooth
Litchfield Cavo
303 W. Madison Street, Suite 300
Chicago, IL 60606

Mr. Matthew Porter Cook
Kerrick Bachert
1025 State Street
Bowling Green, KY 42101

Mr. John D. Cox
Lynch, Cox, Gilman & Goodman
500 W. Jefferson Street, Suite 2100
Louisville, KY 40202

Mr. G. David Rubin
Litchfield Cavo
245 S. Los Robles Avenue, Suite 450
Pasadena, CA 91101

Re: Case No. 21-6016, *Renaissance/The Park LLC v. Cincinnati Insurance Co*
Originating Case No. : 3:20-cv-00864

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. James J. Vilt Jr.

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0205n.06

Case No. 21-6016

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| RENAISSANCE/THE PARK, LLC, | ) | |
| | ) | FILED |
| Plaintiff-Appellant, | ) | May 20, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: McKEAGUE, NALBANDIAN, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** In March 2020, Renaissance closed its recreational facility to comply with a Kentucky closure order aimed at preventing COVID-19's spread. Hoping to recover resulting lost income, Renaissance filed a claim with its insurer, Cincinnati Insurance Company. Cincinnati denied the claim, leading Renaissance to sue. The district court dismissed the case, and we now affirm.

### BACKGROUND

As part of the Commonwealth's initial response to the COVID-19 pandemic, Kentucky required "all public-facing businesses that encourage public congregation or . . . cannot comply with CDC guidelines concerning social distancing," including recreational facilities, to "cease all in-person operations" by March 18, 2020.

Case No. 21-6016, *Renaissance/The Park, LLC v. Cincinnati Ins. Co.*

Renaissance owns and operates the Fun Park, a recreational facility located in Louisville. Activities available to the public at the Park include go-karts, laser tag, miniature golf, and arcade games. To comply with the closure order, Renaissance closed the Park for three months. Renaissance believes that those who visited the Fun Park before its temporary closure may have had COVID-19, making it "likely" that its premises were "infected with COVID-19" prior to the Park's closure.

To recover lost income from the closure, Renaissance filed a claim with its insurer, Cincinnati. When Cincinnati denied coverage, Renaissance sued the company in Kentucky state court. Cincinnati removed the case to federal court. It then filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. In the district court's view, Renaissance's policy did not allow it to recover lost income resulting from COVID-19 and the closure order. Renaissance then appealed.

## DISCUSSION

To survive Cincinnati's motion to dismiss, Renaissance's complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). We review the district court's dismissal for failure to state a claim de novo. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020).

As all parties acknowledge, Kentucky substantive law controls this diversity action. *See State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 849 F.3d 328, 331 (6th Cir. 2017). Kentucky courts enforce "the terms of an insurance contract" as written when, based on their plain language, those terms "are unambiguous." *Foreman v. Auto Club Prop.-Cas. Ins. Co.*, 617 S.W.3d 345, 349 (Ky. 2021).

2

Case No. 21-6016, *Renaissance/The Park, LLC v. Cincinnati Ins. Co.*

Renaissance believes it is entitled to coverage for its lost income pursuant to both the policy's "Business Income" and "Civil Authority" provisions. To recover under either provision, the asserted loss of "Business Income" must be caused by or result from a "Covered Cause of Loss," which the policy defines as a "direct 'loss,'" unless otherwise excluded or limited by the policy. "Loss," in turn, is defined as "accidental physical loss or accidental physical damage." Reading these provisions together, Renaissance, to prevail, must identify a "direct" "accidental physical loss or accidental physical damage."

A. The parties dispute whether the phrase "direct" "physical loss" encompasses the financial harm Renaissance purports to have suffered from COVID-19 itself as well as the period during which the Park was closed by the Kentucky order. With the Kentucky Supreme Court having yet to interpret that phrase, "we must do our best to predict which side of this linguistic debate that court would take." *Estes v. Cincinnati Ins. Co.*, 23 F.4th 695, 699 (6th Cir. 2022).

In *Estes*, we made that prediction. There, we interpreted an insurance policy that, like here, defined loss to mean "direct" "accidental physical loss or accidental physical damage." *Id.* at 698. Interpreting that language against the backdrop of Kentucky law, we held that the phrase "direct" "physical loss" is unambiguous, and, to give rise to coverage, requires the "tangible destruction or deprivation of property." *Id.* at 699–700. And we deemed neither COVID-19 itself nor ensuing government closure orders to be a "direct" "physical loss" because they resulted in only "intangible or economic harms." *Id.* at 700; *see also Yiddle Mister Bill, Inc. v. Cincinnati Ins. Co.*, No. 20-CI-00335 (Ky. Cir. Ct. Feb. 17, 2022) (applying *Estes*). So too here. COVID-19 and the closure order neither destroyed the Park nor dispossessed Renaissance of its property. To be sure, the closure order did prevent Renaissance from opening the Park to customers, a prohibition that

3

Case No. 21-6016, *Renaissance/The Park, LLC v. Cincinnati Ins. Co.*

lamentably resulted in lost use of the Park. But that manner of loss is not tantamount to a "direct" "physical loss." *Estes*, 23 F.4th at 700.

Renaissance attempts to distinguish *Estes*. It emphasizes that the insured in *Estes* could still use the property at issue for some business whereas Renaissance could not operate the Fun Park at all. That factual difference, however, does not warrant a different legal conclusion. *Estes* defined "deprivation" as "the act of losing possession." *Id.* And Renaissance, although unable to open the Park for any business, nonetheless did not tangibly lose possession of the Park, as we used that term in *Estes*.

Alternatively, Renaissance asserts that *Estes* was wrongly decided. But we are not the proper audience for that claim. Three-judge panels of our Court are bound by our prior published decisions, leaving only the en banc Court or the Supreme Court to undo a panel's prior work. *Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel." (citation omitted)); *see also Goodwood Brewing, LLC v. United Fire Grp.*, No. 21-5759, 2022 WL 620149, at *2 (6th Cir. Mar. 3, 2022) (applying *Estes*). Until then, or until the Kentucky Supreme Court articulates its understanding of the language at issue, we are bound by *Estes*. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("Without taking a case en banc, a panel cannot reconsider a prior published case that interpreted state law, absent an indication by the state courts that they would have decided the prior case differently." (cleaned up)).

B. Renaissance appears to have a second theory of coverage: When customers visited the Fun Park before the closure order, some of them presumably brought COVID-19 into the Park, thereby, in the words of Renaissance, "contaminating" the Park, and thus causing it "direct" "physical damage." That theory of recovery, however, leaves much to the reader's imagination.

4

Case No. 21-6016, *Renaissance/The Park, LLC v. Cincinnati Ins. Co.*

In its complaint, Renaissance alleges only that the Park was "likely . . . infected with COVID-19" because "[i]t is likely that customers, employees, and/or other visitors to the Renaissance Fun Park were infected with COVID-19 and thereby infected the premises with COVID-19." Reaching the conclusion Renaissance urges requires at least two assumptions: one, that customers with COVID-19 entered the Park, and two, that those customers "contaminated" the Park by leaving traces of the virus. Putting to the side whether such contamination amounts to "direct" "physical damage," by and large, those allegations amount to little more than a guess that the Park's premises were contaminated. *See SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, --- F.4th ---, 2022 WL 1421414, at *11 (11th Cir. May 5, 2022) (applying Florida law and rejecting the argument that COVID-19 itself caused "direct physical damage"). As we have explained before, more is needed to satisfy the plausibility standard required to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (stating that plausibility requires "more than a sheer possibility" (citation omitted)); *see also Sys. Optics, Inc. v. Twin City Fire Ins. Co.*, No. 21-3556, 2022 WL 616968, at *3 (6th Cir. Mar. 2, 2022) (holding that the insured's complaint did not adequately plead "direct" "physical damage" because the complaint lacked "any factual allegation to support the inference that COVID-19 altered the physical condition of specific surfaces and objects" (internal quotation marks omitted)); *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 649 & n.1 (6th Cir. 2021) (stating that the insured's complaint did not properly plead "direct" "physical damage" by "suggest[ing] that COVID-19, merely through its supposed presence, was somehow 'damaging surfaces' within its properties").

\* \* \* \* \*

For the foregoing reasons, we affirm the judgment of the district court.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-6016

RENAISSANCE/THE PARK LLC,

    Plaintiff - Appellant,

v.

CINCINNATI INSURANCE COMPANY,

    Defendant - Appellee.

> **FILED**
> May 20, 2022
> DEBORAH S. HUNT, Clerk

Before: McKEAGUE, NALBANDIAN, and READLER, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Kentucky at Louisville.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk